Mary Jo O'Neill, AZ Bar No. 005924
Sally C. Shanley, AZ Bar No. 012251
Valerie Meyer, CA Bar. No. 228586
Equal Employment Opportunity Commission
3300 N. Central Ave., Suite 690
Phoenix, Arizona  85012
Telephone:  602-640-4998
Fax:  602-640-5009
Email:   mary.oneill@eeoc.gov
            sally.shanley@eeoc.gov
            valerie.meyer@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>Plaintiff,<br><br>vs.<br><br>Spartan Plumbing, Inc, an Arizona Corporation,<br><br>Defendants. | **CV**<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a to correct unlawful employment practices on the basis of race and to provide appropriate relief to Edward Matthews, who was adversely affected by such practices. The EEOC alleges Defendant Spartan Plumbing, Inc. ("Spartan" or "Defendant") discriminated against Edward Matthews because of his race, Black.  The EEOC also alleges that Defendant retaliated against Edward Matthews when it discharged him from employment after he complained of race discrimination.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3); §2000e-6 and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Spartan, an Arizona corporation, has continuously been doing business in the state of Arizona and the City of Tucson, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Spartan has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Charging Party Edward Matthews filed a Charge of Discrimination with the Commission, alleging that the Defendant violated Title VII.  All conditions precedent to the institution of the lawsuit have been fulfilled.

7. Edward Matthews was employed as a plumber's helper at Defendant Spartan's Tucson location.

8. Since at least June 2007, Defendant Spartan has engaged in unlawful employment practices at their Tucson, Arizona facility in violation of Section 703 (a) of Title VII, 42 U.S.C. § 2000e-2(a), including subjecting Edward Matthews to a hostile work environment due to race harassment.

9. The race harassment to which Defendant subjected Mr. Matthews included, but was not limited to:

    a. Subjecting Edward Matthews to racial comments and slurs by Defendant's supervisors and/or employees;

    b. Assigning Edward Matthews less desirable work assignments based on race;

    c. Displaying racist symbols on the floor of the worksite; and

    d. Creating and displaying a noose at a worksite.

10. Edward Matthews complained several times to the Defendant about the race harassment he was being subjected to during his employment but Defendant did not take appropriate action and the race harassment continued.

11. Since at least June 2007, Defendant has engaged in unlawful retaliatory practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). Defendant discharged Edward Matthews in retaliation for his complaint about the race harassment he was being subjected to.

12. The effect of the practices complained of in paragraphs 8 through 11 above has been to deprive Edward Matthews of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, Black, and retaliation.

13. The unlawful employment practices complained of in paragraphs 8 through 11 above were intentional.

14. The unlawful employment practices complained of in paragraphs 8 through 11 above were done with malice or with reckless indifference to the federally protected rights of Edward Matthews.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates against any individual on the basis of race and retaliating against employees because they oppose practices made unlawful by Title VII or are participating in a proceeding pursuant to Title VII.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees regardless of race and for those who oppose unlawful employment discrimination, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make whole Edward Matthews by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in paragraphs 8 through 11 above, including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

D.  Order Defendants to pay Edward Matthews punitive damages for its malicious conduct and/or reckless indifference described and referenced in paragraphs 8 through 11 above in amounts to be determined at trial.

E.  Grant such further relief as the Court deems necessary and proper in the public interest.

F.  Award the Commission its costs in this action.

## JURY DEMAND

The Commission requests a trial by jury on all questions of fact raised by its complaint.

DATED this 28th day of September, 2009.

JAMES L.LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C.  20507


<u>s/Sally Shanley</u>
SALLY SHANLEY
Supervisory Trial Attorney


<u>s/Valerie L. Meyer</u>
VALERIE L. MEYER
Trial Attorney


EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona  85012
(602) 640-5033
Attorney for Plaintiff